UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA RENEE YANCEY,

          Plaintiff,

          Case No. 25-cv-0899-bhl

   v.

JUDGE SANDERS, et al,

          Defendants.

## SCREENING ORDER

On June 24, 2025, Plaintiff Lisa Renee Yancey filed a complaint without an attorney against Defendants Judge Sanders, Watsons, Simmons, Yanceys, Kisha Cohee Love, Vernessa Pratt, Jerry Warner, and "certain unknown blacks, Hispanics, and Indians." (ECF No. 1.) Yancey also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Yancey's IFP motion and for the screening of her complaint.

Before turning to the matters at hand, the Court notes that this is not Yancey's first effort in federal court. She has a long history of filing cases that the Court has found frivolous and, in fact, she has been previously barred from filing new cases. While her filing bar has expired, she owes substantial fees to the Court from her prior frivolous filing. Because, as explained below, the Court finds her latest effort is also frivolous, her motion to proceed IFP will be denied, and her case will be dismissed. Given her conduct, the Court will also require Yancey to pay all outstanding fees and sanctions as a condition of the Clerk of Court accepting any future filings from her.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Yancey's IFP application includes information about her finances and is signed under penalty of perjury. *See id.*; (ECF No. 2 at 4.) She represents

that she is unemployed, single, and has no dependents. (ECF No. 2 at 1.) She receives $1,438.77 in monthly social security benefits and has monthly expenses totaling $1,246.77. (*Id.* at 2–3.) She also reports having $800,000 in real estate equity, although she does owe $20,000 in federal taxes. (*Id.* at 3–4.) Assuming these facts are true, the Court must deny Yancey's IFP motion because she is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Yancey's monthly income exceeds her stated monthly expenses by $200 and she has $800,000 in equity. These facts put her outside the "truly impoverished" litigants for whom IFP status is intended and reserved. Indeed, she is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Yancey's complaint is almost illegible and hard to follow. She asserts that someone named Victor Yancey is unable to sue because of an injury and is being falsely imprisoned. (ECF No. 1 at 2.) Victor Yancey also had his identity stolen and was "jumped by criminals pretending to be free." (*Id.*) These criminals came after both her and Victor Yancey "to run sex trains" and to send them "to Dahmer while he [was] in Portland," Wisconsin." (*Id.* at 3.) These criminals want to kill and rob her and Victor Yancey. (*Id.*) Yancey maintains that these criminals are leaders, bosses, and judges "known to [the] public eye." (*Id.*) They are also "jealous" of Yancey's mansion. (*Id.*) Yancey does not identify what legal claim she wishes to pursue but invokes state law and seeks injunctive relief. (*Id.* at 4.) She asks that Victor Yancey be released from state custody, that the Ku Klux Klan receive all money, income, and assets belonging to Jerry Warner, that the State of Wisconsin receive all income and belongings from Kisha Cohee Love, and that the federal government repossess Varnessa Pratt's business. (*Id.*)

District courts have the authority to dismiss frivolous lawsuits. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A complaint is frivolous when there is no rational argument that the facts support the plaintiff's claim for relief. *See Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (citing *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Yancey's allegations are frivolous and fail to state claims against any of the defendants. It is unclear what claim Yancey is trying to bring from the facts of her complaint. She may be asserting assault and battery. But there is no reason why an assault and battery by unknown persons upon a plaintiff supports injunctive relief releasing a third party from prison or requiring a third party to make payment to another third party. *See Kink v. Combs*, 135 N.W.2d 789, 797–98 (Wis. 1965) (monetary damages

are the appropriate award for assault and battery). The disconnect between the allegations and the relief sought justifies dismissal. Accordingly, the complaint is frivolous and will be dismissed.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citation omitted). It is clear from Yancey's frivolous filing that amendment would be futile. Accordingly, the Court will dismiss the complaint with prejudice.

As noted above, this is not Yancey's first frivolous filing in this Court. *See, e.g., Yancey v. Milwaukee Cnty. Sheriff*, No. 10-CV-42, 2010 WL 446083, at *1 (E.D. Wis. Feb. 2, 2010) (detailing Yancey's "prodigious history of filing meritless actions"). On February 2, 2010, after Yancey filed eighteen frivolous complaints within the span of three years, Judge J.P. Stadtmueller sanctioned Yancey, ordering that she pay $100 for every frivolous document filed in this Court and $500 for every case she filed that was dismissed for frivolousness, lack of subject matter jurisdiction, untimeliness, or failure to state a claim. *Id.* at *1, 5. He also barred her from filing for IFP for three years, unless she was filing a petition for writ of habeas corpus, or the subject matter involved claims of imminent danger of serious physical injury. *Id.* at *5.

Judge Stadtmueller's order did not deter Yancey. On May 6, 2010, she filed a motion to reopen a case that had been closed for nearly two years. Motion to Reopen, *Yancey v. Ludwig*, No. 08-cv-0150-CV (E.D. Wis. May 6, 2010), ECF No. 38. Her motion was denied as frivolous, and the Court imposed a $100 sanction to be paid within thirty days. Order Denying Motion to Reopen, *id.*, ECF No. 40. Yancey did not pay the fine, and, in September 2010, she filed six complaints along with six motions to proceed IFP. Record, *Yancey v. Milwaukee Cnty. Reg. of Deeds*, No. 10-cv-00778-PJG (E.D. Wis. Sep. 9, 2010); Record, *Yancey v. Milwaukee Police Dep't*, No. 10-cv-00792-PJG (E.D. Wis. Sep. 14, 2010); Record, *Yancey v. Wisconsin*, No. 10-cv-0818-PJG (E.D. Wis. Sep. 21, 2010); Record, *Yancey v. Oak Creek Police Dep't*, No. 10-cv-0819-PJG (E.D. Wis. Sep. 21, 2010); Record, *Yancey v. Walker*, No. 10-cv-820-PJG (E.D. Wis. Sep. 21, 2010); Record, *Williams v. Brookfield Police Dep't*, No. 10-cv-0821-PJG (E.D. Wis. Sep. 21, 2010). The Court denied all six motions for IFP because none of the complaints were a petition for habeas corpus, nor did any of the complaints support a claim of imminent danger. Order Denying Motion for IFP at 3, *Yancey v. Milwaukee Cnty. Reg. of Deeds*, No. 10-cv-00778-PJG (E.D. Wis. Nov. 30, 2010), ECF No. 7. The decision denying Yancey's motions also noted that, even without the filing bar, Yancey's financials proved that she was not eligible for IFP. *Id.* at 3–

4. The Court ordered Yancey to pay the filing fees in all six cases and warned her that failure to pay would result in dismissal of her cases. *Id.* at 4. Yancey did not pay the filing fee in any of her cases, and the Court accordingly dismissed all six cases without prejudice for failure to prosecute. Dismissal Order, *id.*, ECF No. 10.

On October 8, 2015, Yancey filed a notice of bankruptcy appeal. Record, *In re Yancey*, No. 15-cv-1194-LA (E.D. Wis., Oct. 8, 2015). The Court dismissed her case as untimely and fined her $600 based on Judge Stadtmueller's sanction. Dismissal Order, *id.*, ECF No. 2. Again, Yancey failed to pay the fine. On May 19, 2017, Yancey filed another complaint along with another motion to proceed IFP. Record, *Yancey v. Goldman*, No. 17-cv-0705-LA (E.D. Wis. May 19, 2017). Because her filings were illegible, the Court dismissed her complaint and IFP motion but gave her fourteen days to file legible copies of both. Order Denying Motion to Proceed IFP and Dismissing Complaint, *id.*, ECF No. 4. Yancey was warned, however, that the action appeared frivolous and that re-filing could result in a $500 sanction. *Id.* at 1–2. Yancey did not file an amended complaint or another motion for IFP, and she never paid the filing fee. That case was dismissed without prejudice for failure to prosecute. Dismissal Order, *id.*, ECF No. 5.

Yancey has unpaid filing fees for at least seven actions and owes more than $600 in sanctions. Notwithstanding the termination of her filing bar, the Court will not permit Yancey to avoid the financial consequences of Judge Stadtmueller's order. When a party incurs sanctions for vexatious litigation, the Court may order the Clerk of Court to return unfiled all papers that the litigant attempts to file, "unless and until [she] pays in full the sanctions that have been imposed against [her]." *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *In re City of Chicago*, 500 F.3d 582, 584–85 (7th Cir. 2007). Exceptions are allowed for criminal cases and petitions for writ of habeas corpus. *See Mack*, 45 F.3d at 186. Once payment is made, the order is lifted. *See City of Chicago*, 500 F.3d at 585–86. If the party is unable to pay in full the outstanding sanctions and fees, she may submit a motion to modify or rescind the *Mack* order no earlier than two years from the date of the order. *See id.*; *see also Mack*, 45 F.3d at 186.

The Court will enforce Judge Stadtmueller's order for sanctions by requiring Yancey to pay her Court-ordered sanctions and filing fees. In furtherance of that effort, the Court will enter a *Mack* order and instruct the Clerk of Court to return as unfiled all papers Yancey submits with the Court unless and until she pays all fees owed. This filing bar will not apply to any criminal case or petition for writ of habeas corpus. Yancey may enter a motion to modify or rescind the

*Mack* order no earlier than two years from this date. Accordingly, because Yancey's complaint is frivolous and the *Mack* order begins effect immediately, leave to amend will be denied and dismissal will be with prejudice.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Yancey's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Yancey's motion for leave to proceed IFP, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return unfiled any papers submitted either directly or indirectly by or on behalf of Lisa Yancey, unless and until she pays in full the sanctions that have been imposed against her and all outstanding filing fees. *See City of Chicago*, 500 F.3d at 585–86; *Mack*, 45 F.3d at 186. Exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186–87. This order will be lifted immediately once she makes full payment. *See City of Chicago*, 500 F.3d at 585–86. If Yancey, despite her best efforts, is unable to pay in full all outstanding sanctions and filing fees, she is authorized to submit to this Court a motion to modify or rescind this order no earlier than two years from the date of this order. *See id.*; *Mack*, 45 F.3d at 186.

Dated at Milwaukee, Wisconsin on July 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge